IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                 CRIMINAL ACTION NO. 2:19-cr-00081

COLE DYLAN COOPER

MEMORANDUM AND OPINION ORDER

Pending before the court is Defendant Cooper's objection to designating his 2015 conviction for conspiracy to commit first degree robbery in West Virginia as a "crime of violence" pursuant to § 4B1.2 of the United States Sentencing Guidelines. For the reasons stated herein, the objection is **SUSTAINED**.

I.     Background

On May 8, 2019, Defendant Cooper plead guilty to Felon in Possession of Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

During the sentencing hearing on July 31, 2019, Defendant Cooper objected to designating his previous conviction for conspiracy to commit first degree robbery in West Virginia as a "crime of violence" under U.S.S.G. § 4B1.2. Under U.S.S.G. § 2K2.1(a)(4)(A), if the Defendant's predicate felony offense was a "crime of violence" as defined in U.S.S.G. § 4B1.2(a), then a base level offense of 20 applies. If the

predicate felony is not a "crime of violence," then a base level of 14 would apply in this case.

The court ordered supplemental briefing at the July 31, 2019 hearing. The parties submitted their briefs, and the court ruled on August 26, 2019 that the Defendant's previous conviction of conspiracy to commit robbery does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2. This opinion follows that ruling.

II. Discussion

The question before the court is whether conspiracy to commit first degree robbery in West Virginia qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). "The felon-in-possession Guideline defines a 'crime of violence' via cross-reference 'to the career-offender guideline, U.S.S.G. § 4B1.2.'" *United States v. McCollum*, 885 F.3d 300, 304 (4th Cir. 2018); U.S.S.G. § 2K2.1 cmt. n.1. This court will first determine whether the West Virginia conspiracy statute qualifies as a "crime of violence" under the Sentencing Guidelines. Next, the court will decide whether the commentary to the Sentencing Guidelines can designate conspiracy to commit robbery as a "crime of violence."

### a) Whether Conspiracy to Commit Robbery in West Virginia is a Crime of Violence.

In order for conspiracy to commit robbery in West Virginia to be considered a "crime of violence," it must be one of the enumerated offenses under the text of the Sentencing Guidelines, or one of the elements of the conspiracy statute must include the "use, attempted use, or threatened use of physical force," the so-called force

clause.[1] *See* U.S.S.G. §4B1.2(a). Conspiracy to commit robbery is not one of the offenses listed in the text of U.S.S.G. §4B1.2(a). Thus, for conspiracy to qualify as a "crime of violence" under the text of the Guidelines, it must contain an element that qualifies under the force clause. *See id.*

To determine whether a statute is a "crime of violence" under the force clause, courts use the categorical approach and look at "the full range of conduct covered by [the] statute, 'including the most innocent conduct.'" *Shell*, 789 F.3d at 339 (brackets added). If the statute includes some violations which are "crimes of violence" and others that are not, "then the state offense is deemed 'categorically overbroad' and § 4B1.2 does not apply." *Id.* For purposes of the force clause, "the Supreme Court held in *Johnson v. United States*, 'physical force' means 'violent force—that is, force capable of causing physical pain or injury to another person.'" *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010).

In order to be convicted of conspiracy to commit robbery in West Virginia, the government must prove (1) "the defendant agreed with others to commit an offense

---

[1] The Guidelines define a "crime of violence" as any offense punishable for more than a year under federal or state law which

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material . . .

U.S.S.G. §4B1.2(a).

3

against the State," and (2) "that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." *State v. Less*, 294 S.E.2d 62, 67 (1981); *see* W. Va. Code § 61-10-31. The overt act element for conspiracy is undefined and could include actions which are not crimes of violence, as the United States conceded. *See* Tr. Sentencing Hr'g [ECF No. 33] 6:22–24 ("THE COURT: Does [the overt act requirement] of necessity have to be a crime of violence to be an adequate overt act? MR. TESSMAN: I don't believe so, Your Honor."). For example, an overt act could include giving someone money to buy a gun. *See State v. Burd*, 419 S.E.2d 676, 680–81 (1991). Other states have found overt acts for conspiracy can include innocuous and nonviolent activities. *See e.g.*, *People v. Carlock*, No. C085983, 2019 WL 2588793, at *5 (Cal. Ct. App. 2019) (finding sufficient "…the overt act of defendant renting the car."); *State v. Faust*, 127 A.3d 1028, 1044 (Conn. 2015) (deciding an overt act can be monitoring a store prior to a robbery.); *State v. Johnson*, No. A04-1653, 2005 WL 2352109, at *3 (Minn. Ct. App. 2005) (holding overt acts include providing "directions, a map, and a picture…"). The overt act in this case does not require "violent force—that is, force capable of causing physical pain or injury to another person." *See Johnson*, 559 U.S. at 140. Thus, conspiracy to commit robbery in West Virginia does not have an element which includes the "use, attempted use, or threatened use of physical force," and therefore is not a "crime of violence." *See Shell*, 789 F.3d at 339; *see* U.S.S.G. §4B1.2(a).

Further, the Fourth Circuit recently held that when deciding whether an inchoate offense is a "crime of violence," the court must consider whether the

underlying object of the crime must be completed as an element of the inchoate offense. *See United States v. Dinkins*, 928 F.3d 349, 358–59 (4th Cir. 2019). In that case, because an element of being an accessory before the fact of armed robbery is that the principal committed the underlying offense, it is a violent felony. *Id*. Importantly, the court specifically distinguished "other inchoate offenses, such as conspiracy, which do not require that the object crime be completed." *Id.* at 359, n.7. Though this court has held first degree robbery is a violent crime, *see Clements v. United States*, No. 2:14-cr-00174-1, 2018 WL 6584477, at *3 (S.D.W. Va. Dec. 14, 2018) (citing W. Va. Code § 61-2-12), in this case, Defendant Cooper's conspiracy conviction did not require the underlying crime be completed. *See Less*, 294 S.E.2d at 67 (holding conspiracy can occur "regardless of whether the crime agreed upon actually is committed."). Thus, Defendant Cooper's previous conviction for conspiracy to commit robbery in West Virginia cannot qualify as a "crime of violence."

### b) Whether the Commentary Makes Conspiracy a Crime of Violence

Given that the conspiracy statute in West Virginia does not qualify as a crime of violence under the *text* of the Sentencing Guidelines, the next question for the court to consider is whether the *commentary* to the Sentencing Guidelines makes conspiracy a "crime of violence." Though the text of the Guidelines does not list conspiracy as one of the enumerated offenses for a "crime of violence," the commentary of the Guidelines adds "conspiring" as a "crime of violence." U.S.S.G. §

5

4B1.2 cmt. n.1.[2]

The commentary should not override the plain meaning of the text of the Guidelines.[3] *See Shell*, 789 F.3d at 340 ("it is the text, of course, that takes precedence."). The United States Supreme Court established over two decades ago that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

Listing the crime of conspiracy in the commentary does more than interpret or explain the Guideline text and instead adds an entirely new offense to the "crime[s] of violence." *See Stinson*, 508 U.S. at 38; *Shell*, 789 F.3d at 345; *see also Havis*, 927 F.3d at 386 ("[b]ut the Government sidesteps a threshold question: is this really an 'interpretation' at all?"). Thus, the commentary is plainly inconsistent with the text of the guideline, and any inconsistency should be "resolved in favor of the text." *See Shell*, 789 F.3d at 345. This discrepancy is intensified by the fact that the text lists "attempted use" of physical force as a crime of violence, suggesting the Sentencing

---

[2] The commentary of the Sentencing Guidelines adds that a "crime of violence" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2(a) cmt. n.1.

[3] Importantly, "[u]nlike the Guidelines themselves…commentary to the Guidelines never passes through the gauntlets of congressional review or notice and comment." *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019). However, "[t]hat is also not a problem, the Supreme Court tells us, because commentary has no independent legal force—it serves only to interpret the Guidelines' text, not to replace or modify it." *Id.* (citing *Stinson v. United States*, 508 U.S. 36, 44–46 (1993).

Commission made an explicit choice to include some inchoate crimes and exclude others, such as conspiracy. *See* U.S.S.G. § 4B1.2(a)(1); *see also United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018) (noting "Section 4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses. *Expressio unius est exclusio alterius*.... the Commission showed within § 4B1.2 itself that it knows how to include attempted offenses when it intends to do so."). Therefore, the commentary listing "conspiring" as a "crime of violence" improperly expands the text of the Guidelines and is not authoritative.[4]

Previously, the Fourth Circuit found that "the commentary that includes attempts and conspiracies as crimes of violence [is] consistent with the language of the guideline." *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017). However, in making this decision, the Fourth Circuit relied upon the residual clause,[5] finding the

---

[4] Other circuits have also found that the commentary cannot expand the text of U.S.S.G. § 4B1.2. The Sixth Circuit has recently found that the inchoate crimes listed in the commentary cannot be used to expand the definition of a controlled substance offense beyond the text of the guideline to include conspiracy crimes. *Havis*, 927 F.3d at 387. The D.C. Circuit has also found that it is improper for the commentary to improperly add inchoate offenses to § 4B1.2(b). *Winstead*, 890 F.3d at 1089 ("[s]ection 4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses.").

[5] In *Mack*, with the residual clause, the Guidelines defined a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

commentary "represent[ed] a common-sense understanding of the residual clause—inchoate crimes that would qualify as violent if completed 'present[ ] a serious potential risk of physical injury to another.'" *Id.; see also* U.S.S.G. § 4B1.2(a) (2014). But, the most recent version of the guidelines no longer contains the residual clause, and thus the need for the commentary to explain the residual clause is gone. *See* U.S.S.G. §§ 4B1.2(a); 4B1.2(a) (2014). Therefore, the Fourth Circuit's textual justification for relying on the commentary no longer exists. And because the commentary is plainly inconsistent with the text of the Guidelines, the commentary's inclusion of conspiracy cannot be used to find that a Defendant meets the criteria for a prior conviction enhancement for a "crime of violence."[6]

The United States claims that it is not relying on the commentary to reach its argument that conspiracy to commit robbery is a "crime of violence." Br. of United States [ECF No. 28] 4. At the same time, the United States relies extensively throughout its brief and supplemental brief on *McCollum* to answer the question here that conspiracy to commit robbery counts as a "crime of violence." Br. of United States

---

*United States v. Mack*, 855 F.3d 581, 584 (4th Cir. 2017); U.S.S.G. § 4B1.2(a) (2014); (emphasis added to the residual clause). The latest version of the Sentencing Guidelines no longer includes the residual clause. *See* U.S.S.G. § 4B1.2(a).

[6] In *United States v. Dozier*, the court held a prior attempt conviction using the categorical approach based on the commentary § 4B1.2 could be used to designate the defendant as a career offender. 848 F.3d 180, 188 (4th Cir. 2017). However, the court specifically noted that "Dozier does not contend the commentary to § 4B1.2 violates the Constitution or federal law, nor does he assert the commentary is inconsistent with § 4B1.2." *Id.* at n.2.

[ECF No. 28] 2–4; Suppl. Br. of United States [ECF No. 31] 1–4. The United States' circular argument is without merit. *McCollum's* reasoning and conclusion depend upon the assumption that it is relying on the commentary to find that conspiracy is one of the enumerated offenses for a "crime of violence" by comparing the elements of the "enumerated offense" of conspiracy to generic conspiracy. *See generally McCollum*, 885 F.3d at 303–09.

*McCollum* did not explicitly answer the question of whether the commentary can be used to expand the list of enumerated offenses beyond the text of the Guidelines, though its reasoning assumed that logical leap. *See id.* at 304, 309. There, the court explained that the conspiracy statute in question criminalized a broader range of conduct than generic conspiracy because it did not need an overt act, which generic conspiracy requires to be a "crime of violence." *See id.* at 304, 309. However, *McCollum* did not need to answer the question of whether the commentary is authoritative because it would not have changed the outcome for the conspiracy statute at issue in that case. Therefore, *McCollum* does not answer the question before this court now. And, given the elimination of the residual clause and Supreme Court and Fourth Circuit precedent, this court cannot rely on the commentary to expand the list of enumerated offenses when it is plainly inconsistent with the text. *See Mack*, 855 F.3d at 585; *Shell*, 789 F.3d at 345; *Dinkins*, 928 F.3d at 358–59; *Stinson*, 508 U.S. at 38.

9

### c) Conclusion

For the foregoing reasons, Defendant Cooper's objection to designating his prior conviction for conspiracy to commit robbery in the first degree in West Virginia as a "crime of violence" is **SUSTAINED.** The court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: October 8, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE